IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEW S. MCGINNIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-3138-D |
| | § | |
| NATIONWIDE LIFE AND ANNUITY INSURANCE CO., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Nationwide Insurance and Annuity Company ("Nationwide") moves under Fed. R. Civ. P. 12(b)(1) to dismiss this diversity action by plaintiff Lew McGinnis ("McGinnis"), contending, *inter alia*, that the court lacks subject matter jurisdiction because McGinnis and defendant James A. Mueller ("Mueller") were both Oklahoma citizens when the lawsuit was filed.[1] Concluding that the court lacks subject matter jurisdiction, it grants Nationwide's motion and dismisses this action without prejudice by judgment filed today.

---

[1] Defendant Nationwide Life Insurance Co. ("Nationwide Life") joined the motion; however, the court dismissed Nationwide Life without prejudice on March 8, 2021 on McGinnis' motion.

I

McGinnis filed this lawsuit on October 15, 2020, basing this court's subject matter jurisdiction on diversity of citizenship.² Nationwide later moved to dismiss based on evidence that McGinnis was domiciled in Oklahoma, and thus an Oklahoma citizen, on the date he filed suit. It challenges this court's diversity jurisdiction based on the presence of defendant Mueller, an Oklahoma citizen.

On March 18, 2021 the court ordered that, within 21 days, McGinnis file the evidence on which he relied to establish his Texas citizenship on the date he filed suit, and a supporting brief. The court permitted Nationwide to file rebuttal evidence and a response brief. It allowed McGinnis to file a reply brief, but not additional evidence.

As the court has previously explained, to establish his Texas citizenship on the date he filed suit, McGinnis must demonstrate that he resided in Texas on that date and intended to continuing residing in Texas. *See Preston v. Tenet Healthsystem Memorial Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007). The relevant factors include "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Courty v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

---

²The court ordered that McGinnis file an amended complaint because he failed to properly plead the parties' citizenship.

II

In response to the court's March 18, 2021 order, McGinnis filed a brief, a declaration, and other evidence. He avers that, in 2017, he became a "full-time citizen of Texas"; obtained a Texas driver license in 2018; is a registered voter and voted in several elections; it "was and has been [his] intent to make [his] residence in Texas [his] home"; and he intends to "remain domiciled in Texas." P. Apr. 9, 2021 App. 1. He also submitted a copy of a lease extension agreement for a residence in Dallas, Texas from September 1, 2020 to August 31, 2021, although only the lessor's signature is visible and legible; a Texas vehicle title issued to McGinnis listing a P.O. Box in Dallas, Texas; an energy bill for the Dallas, Texas residence; and a copy of McGinnis' Texas driver license issued in March 2018.

Nationwide filed a brief in response, but did not submit additional evidence to what was already on file. It argues that McGinnis' declaration is ambiguous and deficient in that he does not state that he was residing in Texas at the time he filed suit; he does not state that he voted in elections in Texas, and his voter registration appears to have expired; the lease extension agreement appears to be unsigned by McGinnis or his wife, and McGinnis does not state that he lives at this address; his car registration and a check reflect a P.O. Box instead of a residence; his utility bill amount is inconsistent with the premises being used as a primary residence; and McGinnis did not address Nationwide's substantial evidence of his business operations, property ownership, bank accounts, and personal ties to Oklahoma.

McGinnis did not file a reply brief. He did, however, file a response on May 17, 2021 that included a second declaration concerning Texas domicile ("Second Declaration"). The

- 3 -

court declines to consider the Second Declaration in deciding Nationwide's motion.

The court's March 18, 2021 order permitted McGinnis to file evidence within 21 days of the date of the order but expressly prohibited him from filing additional evidence with his reply without seeking leave of court or securing Nationwide's agreement. *See* Mar. 18, 2021 Order at 2 ("McGinnis may file a reply brief, but not additional evidence (except with leave of court or the parties' agreement), within 14 days of the date Nationwide's evidence and brief are filed."). But McGinnis did not seek leave of court to file the Second Declaration, and there is no indication that Nationwide agreed to the submission of additional evidence.

The decision to decline to consider the Second Declaration is based on long-standing practices informed by principles of fundamental fairness. "[A] reply brief that presents dispositive evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (Fitzwater, J.); *see also Essex Ins. Co. v. Redtail Prod., Inc.*, 1998 WL 812394, at *5 (N.D. Tex. Nov. 12, 1998) (Fitzwater, J.) (declining to consider new evidence in a reply brief because the party had a prior opportunity to adduce evidence and injustice would otherwise result to the other party).

McGinnis is therefore confined to the response brief and appendix that he filed, respectively, on April 8 and 9, 2021.

III

McGinnis, as the party seeking to establish this court's subject matter jurisdiction, has not met his burden to submit facts and prove by a preponderance of the evidence that this court has diversity jurisdiction. *See Patterson v. Rawlings*, 287 F.Supp.3d 632, 637 (N.D. Tex. 2018) (Fitzwater, J.). Despite a fair opportunity to do so, McGinnis has not adduced evidence that he was a citizen of Texas when he filed this lawsuit. He avers instead only that he became a "full-time citizen" of Texas in 2017. And he has failed to controvert Nationwide's evidence of his substantial property ownership, personal connections, and business ownership in Oklahoma, and that he listed an Oklahoma residence and P.O. Box as return addresses in 2020.

\* \* \*

For the reasons explained, the court grants Nationwide's motion to dismiss for lack of subject matter jurisdiction and dismisses this action without prejudice by judgment filed today.

**SO ORDERED**.

June 21, 2021.

                                                           SIDNEY A. FITZWATER
                                                           SENIOR JUDGE